**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**CONTESSA MCCRAY ET AL.**                                                  **PLAINTIFFS**

**v.**                                                                         **CIVIL ACTION NO.: 2:12-CV-147**

**SAILORMEN, INC. ET AL.**                                                    **DEFENDANTS**

**MEMORANDUM OPINION**

This cause comes before the Court on the motion of Plaintiffs to remand this case to the Circuit Court of Coahoma County, Mississippi [16]. The Court, having considering the memoranda and submissions of the parties, along with other pertinent authorities, concludes that the motion should be granted.

*Factual and Procedural Background*

Plaintiffs Contessa McCray and Bryant Hunter commenced this action in the Circuit Court of Coahoma County, Mississippi on July 9, 2012. Plaintiffs allege they became extremely ill after dining at the Popeye's Chicken & Biscuit of Clarksdale, Mississippi on or about April 18, 2012. The Complaint asserts numerous causes of action against multiple defendants, including Sailormen, Inc. (a Florida corporation), AFC Enterprises, Inc. (a Minnesota corporation), Marcell Thomas, (a resident of Mississippi), John Does 1-4, and XYZ Corporations 1-4. Relevant to the issues pending before the Court, the Complaint alleges that Thomas was the manager and supervisor of the restaurant on the day of the subject incident, and, inter alia, "direct[ed] other members of the Popeye's staff, including the cook(s), to cook the chicken prepared on the day of the subject incident despite being notified that the chicken was of poor quality." Defendants filed a notice of removal on August 12, 2012, alleging that Thomas had been improperly joined.

Shortly thereafter, Thomas filed a Motion to Dismiss, asserting that he was not working on

the day of the incident. Plaintiffs responded that they had made a clerical error in their complaint, and that the subject incident actually occurred on April 17, 2012. Plaintiffs sought and were granted leave to file an Amended Complaint. Plaintiffs also filed a Motion to Remand [16], asserting that Thomas was not improperly joined, and that this court lacks jurisdiction as complete diversity does not exist.

*Remand & Improper Joinder Standard*[1]

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Addo v. Globe Life and Accident Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000). For this Court to have subject matter jurisdiction based on Section 1332, complete diversity must exist among the parties. 28 U.S.C. § 1332(a); Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Fifth Circuit has

---

[1]The Fifth Circuit has adopted the term "improper joinder," rather than "fraudulent joinder," and has stated that while there is no substantive difference between the two terms, the phraseology "improper joinder" is preferred. McDonal v. Abbott Laboratories, 408 F.3d 177, 180 (5th Cir. 2005).

held that the removal statutes are to be construed "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S. Ct. 868, 85 L. Ed. 1214 (1941). Furthermore, "[a]ny ambiguities are construed against removal." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)).

The doctrine of improper joinder provides a narrow exception to the rule of complete diversity. McDonal, 408 F.3d at 183. A removing party may show improper joinder of a non-diverse defendant, allowing dismissal of that party and the exercise of federal subject matter jurisdiction pursuant to Title 28 U.S.C. § 1332(a) in either one or two instances: (1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)).

The Defendants do not dispute that Thomas is a resident of Mississippi. See Smith v. Petsmart, Inc., 278 F. App'x 377, 379 (5th Cir. 2008) (analyzing claims of plaintiff under second prong as no allegation that plaintiff fraudulently represented defendants' residence was asserted). Therefore, under the second method of demonstrating improper joinder,

> [t]he court determines whether that party has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This possibility, however, must be reasonable, not merely theoretical.

Travis, 326 F.3d at 648 (quoting Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313

F.3d 305, 312 (5th Cir. 2002)) (emphasis in original) (quotations omitted).[2] Nonetheless, the "burden of demonstrating [improper] joinder is a heavy one." McDonal, 407 F.3d at 183.

The district court may analyze the issue of recovery against the non-diverse defendant in one of two ways. First, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Smallwood, 385 F.3d at 573. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." Id.

However, in cases where the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." Id. Examples include where "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that can easily be disproved if not true." Id. at 574 n.12. The Fifth Circuit has cautioned that these types of cases should be "few in number," and that a "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that preclude plaintiff's recovery against the in-state defendant." Id. at 573-74. In making this type of inquiry, the court may "consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." Travis, 326 F.3d at 648-49. All disputed issues of fact and any ambiguities of state law must be resolved in the plaintiff's favor. Id. at 649.

---

[2]Prior to Smallwood, Fifth Circuit opinions stated what seemed to be differing standards for this inquiry. In Smallwood, however, an en banc panel of the Fifth Circuit recognized the Travis formulation as the proper one. See Smallwood, 385 F.3d at 573.

*Discussion & Analysis*

As stated above, the Amended Complaint alleges:

> The Defendant, Marcell Thomas, was negligent in her failure to exercise a proper degree of care in the following respects:
>
> . . .
>
> d. the total disregard and lack of reasonable care in directing other members of the Popeye's staff, including the cook(s), to season the chicken prepared on the day of the subject incident despite being notified that the chicken was of poor quality and unfit for human consumption;
>
> e. the total disregard and lack of reasonable care in directing other members of the Popeye's staff, including the cook(s), to cook the chicken prepared on the day of the subject incident despite being notified that the chicken was of poor quality and unfit for human consumption;

Under Mississippi law, an agent for a disclosed principal can be held personally liable for his own tortious acts committed within the scope of his employment, and a tort claim can be maintained against that agent. Hart v. Bayer Corp., 199 F.3d 239, 247 (5th Cir. 2000). The agent is subject to personal liability when he "directly participates in or authorizes the commission of a tort." Hart, 199 F.3d at 247 (quoting Miss. Printing Co., Inc. v. Maris, West & Baker, Inc., 492 So. 2d 977, 978 (Miss. 1986)); see also Conyers v. Life Ins. Co., 269 F. Supp. 2d 735, 737 (N.D. Miss. 2003); Reed v. Am. Gen. Life & Accident Ins. Co., 192 F. Supp. 2d 641, 645 (N.D. Miss. 2002).

Under a 12(b)(6) analysis, the Plaintiffs have stated a claim against Thomas. Plaintiffs allege that Thomas was directly responsible for and personally participated in the allegedly negligent preparation of the chicken at issue. Under the facts presented, this Court cannot say that Plaintiffs have no reasonable possibility of recovery against the non-diverse defendant.

Defendants also request that the Court "pierce the pleadings" in determining whether Plaintiffs have a reasonable basis for recovery against Thomas in state court. Defendants rely on an affidavit from Thomas which admits that she was working on April 17, 2012, but avers that "I had no conversation with any Popeye's cook or other Popeye's employee or customer regarding the quality of any chicken being cooked on April 17, 2012" and "I have no knowledge that any food cooked or served at the Popeye's restaraunt in Clarksdale, Mississippi, on or about April 17, 2012, was not fit for human consumption." Defendants have also filed a Motion for Discovery Related to Remand [23], and seek to depose Ricky Hampton (a Popeye's employee who allegedly told Plaintiffs' counsel about Thomas' alleged involvement with the chicken)[3] and Thomas.

In their reply, Plaintiffs, while denying that the Court should go beyond the pleadings in its improper joinder analysis, have attached an affidavit from Soloman Gray Jr., a former employee of the Clarksdale Popeye's, who avers that on April 17, 2012, he personally observed Thomas order Hampton to cook and serve chicken that was "green in color" after being advised that the chicken was not fit for human consumption. Defendants respond with an affidavit from Juliet Bianca, a Sailormen, Inc. employee, along with work records purporting to show that Soloman Gray was terminated on April 10, 2012, and was not working on April 17, 2012.

The Court finds "it unnecessary and unwise to pierce the pleadings and wade into the fact issues presented by the parties." Phillips v. First Tower Loan, Inc., 2012 WL 5873360, *5 (Nov. 20, 2012). "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."

---

[3]Plaintiffs' counsel states that Hampton, who was interviewed prior to filing the instant suit, provided the initial basis for Plaintiffs allegations against Thomas.

Smallwood, 385 F.3d at 573-74. Otherwise, "the court risks wading beyond the issue of jurisdiction and into the merits of a plaintiff's claims." Phillips, 2012 WL 5873360 at *5. Defendants would have the Court move beyond a narrow jurisdictional inquiry and delve directly into the merits of the Plaintiffs' claims against Thomas. The Court, in its discretion, declines to pierce the pleadings and finds that Defendants have failed to carry their "heavy burden" of demonstrating no reasonable possibility of recovery against the non-diverse defendant. Accordingly, Plaintiffs' Motion to Remand is GRANTED and the clerk of the Court is directed to remand this action to the Circuit Court of Coahoma County, Mississippi. Defendants' Motion for Discovery Related to Remand is DENIED. A separate order will issue in accordance with this opinion.

SO ORDERED on this, the 8th day of January, 2013.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**